IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLOBAL INTERACTIVE MEDIA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16 C 6867 |
| ) | |
| SIRIUS XM HOLDING INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

This Court has had assigned to its calendar, under this District Court's computerized assignment system, a patent infringement action by Global Interactive Media, Inc. ("Global") against Sirius XM Holdings Inc. ("Sirius"). There is of course no question as to this Court's subject matter jurisdiction over such a patent infringement case, and in this instance Global (Complaint ¶ 1 identifies it as "a Belizian company based in Belize") can hale Sirius (identified in Complaint ¶ 2 as a New-York-City-based business organized under Delaware law) into court in this judicial district based on this allegation in Complaint ¶ 5:

Sirius conducts continuous and systematic buiness in this District.

But before this Court follows its customary practice of setting an initial scheduling order, it seems appropriate to raise a question as to Global's chosen venue. Although Complaint ¶ 5's allegation suffices to bring the venue provision of 28 U.S.C. § 1400(b)[1] into play, it appears that

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

the only real nexus that ties this lawsuit to the Northern District of Illinois is Global's choice of Chicago lawyers to handle the matter.

Global's choice of venue may of course be entirely acceptable to Sirius, and if so this Court sees no occasion for a sua sponte consideration of the matter in Section 1404(a) terms. Accordingly this Court is contemporaneously issuing its customary initial scheduling order, to be complied with if Sirius does not invoke Section 1404(a). In any event, in the meantime the parties should engage in exchanging Fed. R. Civ. P. 26(a) initial disclosures and in any other appropriate pretrial activities, for those matters will have to be addressed in whatever forum the case goes forward.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 19, 2016